IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEANNA G. SNIDER,                                CV 06-6323-MA

          Plaintiff,                             OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.


RICHARD F. MCGINTY
McGinty & Belcher
P.O. Box 12806
Salem, OR 97301
(503) 371-9636

          Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

JOANNE E DANTONIO
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2730

       Attorneys for Defendant

MARSH, Judge.

     Plaintiff seeks judicial review of Defendant Commissioner's final decision denying her first application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33.  The matter is before the court on the Commissioner's Motion to Remand (#17) for further administrative proceedings because although the evidentiary record is insufficient to find Plaintiff disabled, the Administrative Law Judge (ALJ) made legal errors in reaching a non-disability finding.  Plaintiff seeks remand solely for the payment of payments.  For the following reasons, the court **GRANTS** the Commissioner's Motion and **REMANDS** this matter for further administrative proceedings.

## <u>BACKGROUND</u>

     Plaintiff alleges she has been disabled since July 5, 2002, as a result of fibromyalgia, CREST syndrome,[1] and left shoulder

---

    [1] CREST is an acronym for Calcinosis (calcium deposits mostly in the elbows, fingers, and knees), Raynaud's Phenonemon (numbness, pain and color changes in the fingers), Esophageal Dysfunction (difficulty swallowing and heartburn), Sclerodactyly (skin thickening, primarily of the lower arms and legs), and Telangiectasia (dilated blood vessels on the skin surface,

impingement.  Following a hearing, the ALJ found although those
conditions were severe impairments, plaintiff retained the
residual functional capacity to engage in her past relevant work
as an office manager.

After plaintiff filed her Brief in Support of Petition for
Review, the Commissioner filed the pending Motion to Remand.  The
primary issue before the court is whether the matter should be
remanded for payment of disability benefits effective July 5,
2002, as requested by plaintiff, or for further administrative
proceedings, as requested by the Commissioner.

After the remand motion was filed, however, the Commissioner
issued a finding on a second application for disability benefits
that plaintiff was disabled as of September 8, 2006 and is
entitled to benefits as of that date.

If the court remands for further administrative proceedings
rather than for payment of benefits as of July 5, 2002, the issue
is whether the Commissioner should be permitted to reconsider the
disability determination on plaintiff's second application as
part of the further administrative proceedings on the first
application.

## LEGAL STANDARDS

The initial burden of proof rests on the claimant to
establish disability.  <u>Roberts v. Shalala</u>, 66 F.3d 179, 182

---

primarily on the face, hands, and lips).

(9th Cir. 1995), <u>cert</u>. <u>denied</u>, 517 U.S. 1122 (1996).  To meet this

burden, a claimant must demonstrate the inability "to engage in

any substantial gainful activity by reason of any medically

determinable physical or mental impairment which . . . has lasted

or can be expected to last for a continuous period of not less

than 12 months."  42 U.S.C § 423(d)(1)(A).

The district court must affirm the Commissioner's decision

if it is based on proper legal standards and the findings are

supported by substantial evidence in the record as a whole.

42 U.S.C. § 405(g).  "Substantial evidence means more than a mere

scintilla but less than a preponderance; it is such relevant

evidence as a reasonable mind might accept as adequate to support

a conclusion." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir.

1995).

The court must weigh all the evidence whether it supports or

detracts from the Commissioner's decision.  <u>Martinez v. Heckler</u>,

807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision

must be upheld, however, even if the "evidence is susceptible to

more than one rational interpretation." <u>Andrews</u>, 53 F.3d at

1039-40.

The Commissioner bears the burden of developing the record.

<u>DeLorme v. Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991). The duty

to further develop the record, however is triggered only when

there is ambiguous evidence or when the record is inadequate to

allow for proper evaluation of the evidence.  <u>Mayes v. Massanari</u>,
276 F.3d 453, 459-60 (9th Cir. 2001).

The decision to remand for further proceedings or for
immediate payment of benefits is within the discretion of the
court.  <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.), <u>cert</u>.
<u>denied</u>, 121 S. Ct. 628 (2000).  "If additional proceedings can
remedy defects in the original administrative proceeding, a
social security case should be remanded."  <u>Lewin v. Schweiker</u>,
654 F.2d 631, 635 (9th Cir. 1981).

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential
inquiry to determine whether a claimant is disabled.  <u>Bowen v.
Yuckert</u>, 482 U.S.137, 140 (1987).  See also 20 C.F.R. § 416.920.
The claimant bears the burden of proof at steps one through four.
<u>See</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).  Each
step is potentially dispositive.

At Step One, the ALJ found plaintiff had not engaged in
substantial gainful activity since the onset of her alleged
disability.

At Step Two, the ALJ found plaintiff suffers from the
physical impairments of CREST syndrome, fibromyalgia, and left
shoulder impingement, that are severe enough to significantly

limit her to do basic work activities.  20 C.F.R. § 404.1520(c).

    At Step Three, the ALJ found plaintiff's impairments did
not meet or equal any of the listed impairments considered to
to be so severe as to preclude substantial gainful activity.
20 C.F.R. § 404.1520(a)(4)(iii) and (d).

    The ALJ found plaintiff has the residual functional capacity
(RFC)to lift and carry 20 lbs occasionally and 10 lbs frequently,
sit and stand for six hours cumulatively in an eight-hour work
day, and walk a maximum of three to six blocks at a time.
Plaintiff is able, occasionally, to climb, balance, stoop, kneel,
crouch, and crawl.  Plaintiff cannot lift objects above shoulder
height with her left arm and should avoid concentrated exposure
to conditions of extreme cold.

    In determining plaintiff's functional capacity, the ALJ
commented on her credibility, stating "while it appears
[plaintiff] intends to be truthful and sincerely believes the
substance of her testimony, her allegations as to the intensity,
persistence, and limiting effects are disproportionate and not
sufficiently supported by objective medical findings or any other
corroborating evidence."

    At Step Four, the ALJ found plaintiff is able to perform her
past relevant work as an office manager. Accordingly, the ALJ did
not reach a finding at Step Five regarding plaintiff's ability to

perform other work.

Based on these findings, the ALJ found plaintiff was not under a disability.  20 C.F.R. §§ 404.1520(f).

Plaintiff challenges the disability analysis, asserting the ALJ erred by failing (1) to consider functional limitations for each of plaintiff's severe impairments in combination with functional limitations from her non-severe impairments, (2) to evaluate properly the lay witness evidence, and (3) to evaluate properly the vocational testimony.

The Commissioner concedes the ALJ improperly evaluated the vocational testimony regarding plaintiff's past work as an officer manager because the evidence reflects plaintiff had insufficient experience in that job for it to be considered past relevant work.  The Commissioner also concedes the ALJ erred in ignoring evidence from lay witness Bobby Snider, plaintiff's spouse.

## DISCUSSION

The evidentiary record includes only the information the ALJ relied on in reaching his non-disability decision on plaintiff's first application.  The Commissioner concedes error in the ALJ's evaluation of that record.  The evidentiary record as to the Commissioner's award of benefits to plaintiff based on her second application, however, is not now before the court.

7 - OPINION AND ORDER

Plaintiff asserts that any remand for further proceedings should be solely for the purpose of awarding plaintiff benefits

on her first application and not for further proceedings.  In the alternative, plaintiff asserts any review that includes further administrative proceedings should not afford the Commissioner the opportunity to revisit and potentially reverse his disability determination on plaintiff's second application.

The Commissioner counters that this court lacks jurisdiction to issue an order affecting the second application because only the first application is now pending before the court.  Moreover, Social Security Regulations permit the Commissioner to reopen a disability decision for "any reason" within 12 months of the decision.  20 C.F.R. § 404.988(b).  In addition, the Social Security Administration's Hearings, Appeals, and Litigation Manual, provides as follows:

**B. Favorable Determination on Subsequent Claim**

> If the initial (or reconsidered)
> determination in the subsequent claim is
> favorable, the AC will consider the evidence
> in the subsequent claim to determine whether
> there is new and material evidence relating
> to the prior claim. The AC will expedite its
> action on the request for review in this
> situation.
>
> The AC may also conclude that the favorable
> determination on the subsequent claim was
> incorrect.  In such cases, the AC may
> exercise the Agency's authority under
> existing regulations for review and reopening

> to revise the subsequent favorable
> determination.

Hearings, Appeal, and Litigation Manual (HALLEX), TI-I-5-3-17 at
1B.

I have reviewed the parties' briefs and the record on the
first application.  The overarching issue is whether plaintiff's
medical impairments and resulting residual functional capacity
allow her to engage in substantial gainful activity.  The record
on the first application, however, does not include an opinion by
a treating or examining physician regarding plaintiff's ability
to work in light of her functional limitations.  I also note the
Notice of Appeals Council Action, issued on November 22, 2006,
which denied plaintiff's appeal on her first application
acknowledges "there is new and material evidence [that] the
[ALJ's] decision [on the first application] is contrary to the
weight of all the evidence now in the record."  That record is
not now before me.

Based on the record before me, I am unable to discern what
additional evidence, if any, was offered by plaintiff to support
her claim that was disabled as of July 5, 2002.  Accordingly, I
am satisfied that remand for further administrative proceedings
is appropriate to allow the Commissioner to review the entire
record on both the first and second applications to determine
whether plaintiff was able to engage in substantial gainful
activity as of July 5, 2002, the date plaintiff asserts on her

first application, in light of a complete record.

In addition, I agree with the Commissioner that he has the

authority to reconsider his decision on plaintiff's second

application during the course of his review of the entire record.

### CONCLUSION

For these reasons, the court **GRANTS** the Commissioner's

Motion to Remand (#17) for further administrative proceedings

consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 17 day of September, 2007.


_/s/  Malcolm F. Marsh_____
MALCOLM F. MARSH
United States District Judge